UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID L. CALDWELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-0406 (BAH) |
| NATIONAL GALLERY OF ART, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

The Court granted the defendant's motion to dismiss the complaint as conceded on May 7, 2012, on the mistaken belief that the plaintiff had not filed a timely opposition to the defendant's motion to dismiss. The plaintiff filed a response to the motion which the Clerk of Court received on April 25, 2012, but has not yet been entered on the Court's electronic docket. The Court will grant leave to file the response, and the Clerk will be directed to docket the response as the plaintiff's opposition to the defendant's motion to dismiss [Dkt. #3].

The defendant moves to dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to the plaintiff's failure to exhaust his administrative remedies under the Rehabilitation Act prior to filing this lawsuit.[1] *See* Mem. of P. & A. in Supp. of Mot. to Dismiss at 5-6. The plaintiff's opposition in its entirety states:

---

[1] Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the Court is responsible for issuance of summonses and for service of process on the plaintiff's behalf. *See* 28 U.S.C. §1915(d); *see also* Fed. R. Civ. P. 4(c)(3). The Court, therefore, will deny the defendant's motion to dismiss under Rule 12(b)(5) for improper service of process.

1

> I David L. Caldwell file a motion for a continous [sic] due to National Gallery of Art has cancer [sic] my health insurance[.] [A]lso I am concern[ed] about this issue[.] I owe National Gallery of Art $4,134[.] I am requesting this motion to be heard through the court.

Pl.'s Opp'n. Missing from the plaintiff's opposition is any reference to or discussion of the legal argument raised by the defendant in its motion. Moreover, the plaintiff does not dispute that he has failed to make or file any complaint regarding discrimination with the Equal Employment Opportunity (EEO) office of his former employer. *See* Mot. to Dismiss, Ex. (Decl. of Kelly Goode) ¶ 3.

If a plaintiff fails to counter an argument set forth in a defendant's motion to dismiss, the Court may treat the argument as conceded. *See, e.g., Rosenblatt v. Fenty,* 734 F. Supp. 2d 21, 22 (D.D.C. 2010); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002); *see also FDIC v. Bender,* 127 F.3d 58, 67-68 (D.C. Cir. 1997) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). The plaintiff's utter failure to put forth a substantive response to the defendant's motion leads the Court, again, to grant its motion as conceded.

An Order accompanies this Memorandum Opinion.

DATE: May 24, 2012

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge